UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **NATHANIEL LIVINGSTON, JR.,** | : | CASE NO. C-1-02-102 |
| PLAINTIFF | : | (Judge Spiegel/Mag. Judge Hogan) |
| -vs- | : | |
| | : | **DEFENDANTS' MOTION FOR RECONSIDERATION OF DECISION ON** |
| **CHARLES LUKEN, et al.,** | : | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| DEFENDANTS. | | |

    Now come individual Defendants, Chief Thomas Streicher, John Shirey and Officer Porter Eubanks and hereby request that this Court reconsider its decision set forth in the Order dated March 9, 2004, overruling, in part, Defendants' Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. Pro. 12(c), on the grounds that Plaintiff fails to state a claim upon which relief may be granted as to these remaining Defendants and on the grounds that Defendants are entitled to qualified immunity from suit. A Memorandum in Support is set forth below.

    Respectfully submitted,

    JULIA L. McNEIL (0043535)
    City Solicitor

s: *Geri Hernandez Geiler*
**GERI HERNANDEZ GEILER** (0042081)
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph. (513) 352-3334

Trial Attorney for Defendant City of Cincinnati
and all City Defendants

## MEMORANDUM IN SUPPORT

**I.   PROCEDURAL POSTURE**

On March 9, 2004, the Court rendered a decision on Defendants' Motion for Judgment on the Pleadings (Doc. 47), Plaintiff's Motion to Amend the Complaint (Doc. 50) and Defendant's Motion in Opposition to Plaintiff's Motion to Amend (Doc. 53) as set forth in an Order dated March 9, 2004.  (Doc. 58).  The Court's Order dismissed Plaintiff's Fourteenth Amendment Equal Protection claims, Ohio Equal Protection claim; Fourteenth Amendment Due Process claim; Fourth Amendment Unreasonable Search claim; conversion claim, conflict of law claims and Plaintiff's class action allegations, further ordering that the portions of the amended complaint asserting class action allegations be stricken.

The two remaining claims are Plaintiff's Fourth Amendment Seizure claim and his First Amendment Freedom of Speech (retaliation) claim.  The First and Fourth Amendment claims remain as to the individual Defendants Streicher, Shirey, and

Eubanks. Plaintiff had previously dismissed Mayor Luken and Council Member Alicia Reece from his suit. (Doc. 56).

## II. LEGAL ARGUMENT

The individually named Defendants, Streicher, Shirey and Eubanks are entitled to judgment in that the Amended Complaint fails to state a cause of action against any one of them. As the Court's Order pointed out, "the purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case." (Order, citing *Klusty v. Taco Bell Corp.*, 909 F.Supp. 516, 519 (S.D. Ohio 1995). The Court must consider each individual Defendant when it considers whether a claim for violation of Plaintiff's Fourth Amendment right to unreasonable seizure has been stated against the individual Defendant. Likewise, each individual Defendant is entitled to separate consideration as to whether a First Amendment Freedom of Speech (retaliation) claim has been made against the individual Defendant. The defense of qualified immunity must be analyzed as to whether each individual Defendant is entitled to its protections from suit. Defendants ask this Court to reconsider its decision denying them judgment in their favor and/or their right to raise the defense of qualified immunity. Respectfully, the Court's Order does not reflect such independent analysis and therefore, Defendants hereby request the Court to reconsider its decision.

### A. The Complaint Fails to State A Claim for Fourth Amendment Unreasonable Seizure as to Streicher, Shirey or Eubanks.

This Court has recognized that more than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890,893 (S.D. Ohio 1991).

> A complaint must contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101 (6th Cir. 1995). A complaint will not be dismissed when plaintiff fails to plead facts in support of 'of every arcane element of his claim,' but when a complaint 'omits facts that, if they existed, would clearly dominate the case,' it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.* 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976) *cert denied sub nom. O'Brien v. Jordan,* 431 U.S. 914 (1977)).

The Court has ruled that Plaintiff' has stated a cause of action against Defendants for a Fourth Amendment claim for unreasonable seizure. The remaining Defendants, Streicher, Shirey and Eubanks, however are not alleged by Plaintiff's Amended Complaint, to have committed any such unreasonable seizure. Likewise, the Court's Order cites to no allegation of unreasonable seizure by either Streicher, Shirey or Eubanks. In order to state a claim against these individual Defendants, Plaintiff must have alleged facts which specifically implicate each of them in committing the violation. More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Penn Central Corp.*, supra.

Plaintiff alleges that, "Defendants never photographed the vehicle prior to destroying it as required by the state statute and City ordinance." Amended Complaint, ¶64. The Court's Order points to this allegation as support for the notion that Plaintiff's

car might not have been an abandoned junk vehicle as described by the statute. (Order, p.8)  The problem however, is that the "Defendants," as asserted in ¶64 of Plaintiff's Amended Complaint and in the Court's Order (p.8), are never identified as Streicher, Shirey or Eubanks.  The Court's Order states, "If Plaintiff proves that his vehicle did not meet the definition of an 'abandoned junk motor vehicle,' then an unreasonable seizure would have occurred." (Order, p.8).  The question that remains however is: by whom?  No other allegations in the Amended Complaint provide any further specific allegations of how either Streicher, Shirey or Eubanks might have committed an unreasonable seizure.  The fluorescent orange sticker (attached as Ex. B) to Plaintiff's Amended Complaint) shows nothing more than that Officer Eubanks checked Plaintiff's car on March 19, 2001, providing Plaintiff with notice that his car was an abandoned junk vehicle and providing him with a phone number to call.[1]  Still nothing suggests that Officer Eubanks (or Streicher or Shirey) actually committed the seizure of the car.  It is patently unjust to hold any one of them accountable for a violation of Plaintiff's Fourth Amendment right when none of them are specifically named as having committed any act of unreasonable seizure.

### B.   The Complaint Fails to State a Claim for Violation of First Amendment Rights by Streicher, Shirey or Eubanks.

Plaintiff also uses the catchall "Defendants" to lasso in anyone imaginable into his allegation of First Amendment retaliation claim.  The only individuals specifically accused of alleged retaliation by Plaintiff are Mayor Luken and Council Member Reece

---

[1] The Court's Order has found that since the Defendants had affixed the sticker and phone number to Plaintiff's car, it is reasonable that an official at that time, may have believed that such actions complied with due process requirements.  (Order, p. 15).

(Amended Complaint, ¶166), who have been dismissed from this suit by Plaintiff.[2] (Doc. 56). While Plaintiff asserts that Council Member Reece "bragged about having the City of Cincinnati wrongfully seize, tow and destroy plaintiff's motor vehicle" (Complaint, ¶65), he does implicate either Streicher, Shirey or Eubanks in such behavior. Likewise, while Plaintiff asserts that an officer told him that "many of the police officers on duty at District 4 that day shouted with joy upon receiving notification that plaintiff's car was seized, towed and destroyed" (Amended Complaint, ¶70) he fails completely to suggest that either Streicher, Shirey or Eubanks engaged in such behavior. Even if it were true that Reece bragged about having his car towed and that officers rejoiced in his dilemma, that does not state a claim against the individual Defendants Streicher, Shirey or Eubanks.

Even if Plaintiff's allegations tend to state a claim of retaliation, those same allegations do not tend to do so as against Streicher, Shirey or Eubanks. Foremost, Plaintiff has not pled that Streicher, Shirey or Eubanks either towed, seized or destroyed his vehicle nor has he alleged they did it in retaliation for his speech. Plaintiff has not pled that Streicher, Shirey or Eubanks even had personal knowledge of his speech or that they were motivated, at least in part, to retaliate against him by seizing his car, in response to Plaintiff's speech. See, *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998), citing *Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568 (1977) (further citations omitted). Therefore, the counts of Fourth Amendment

---

[2] Plaintiff also names a "Fred Nelson" as having ridiculed him in a radio talk show. (Complaint, ¶¶67,68). The individual is not a named Defendant in this suit and to counsel's knowledge, is not employed by the City of Cincinnati.

6

Unreasonable Seizure and First Amendment Retaliation must be dismissed as against the individual Defendants Streicher, Shirey and Eubanks.

    **C.**    **The Individual Defendants, Streicher, Shirey and Eubanks, are Entitled to the Defense of Qualified Immunity.**

Generally, government officials are shielded from liability for civil damages insofar as their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). Qualified immunity not only insulates government officials from individual liability for money damages, but from the burdens and expenses of litigation and trial. *Saucier v. Katz*, 533 U.S. 194, 200-201, 121 S.Ct. 2151 (2001). Each individual Defendant is entitled to an independent analysis of the qualified immunity defense as it pertains to him individually. The Court's Order does not indicate that such an analysis was conducted.

    **1.**    **The Individual Defendants are Entitled to the Defense of Qualified Immunity as to the First Amendment Retaliation Claim.**

The Court's Order found that the right to be free from retaliation based on speech was already clearly established at the time Plaintiff's car was seized and summarily found that Plaintiff had sufficiently pled a retaliation claim under *Goad v. Mitchell*, 297 F.3d 498 (6th Cir. 2002), meeting the improper motive requirement for a retaliation claim. The problem is, and this is why reconsideration is being requested: whose improper motive caused them to retaliate against Plaintiff for his speech? Absolutely nothing in the Amended Complaint tends to indicate, either directly or circumstantially, that either

7

Streicher, Shirey or Eubanks committed any unconstitutional act, let alone, had any improper motive.

Defendants Streicher, Shirey and Eubanks should not be made to stand trial for alleged comments made by Council Member Reece, Mayor Luken or other unnamed District 4 officers.  That they are each entitled to qualified immunity is clear when the full question of prong #1 is considered, that is, whether a constitutional right belonging to Plaintiff was violated **by the Defendant Streicher?; by the Defendant Shirey?; by the Defendant Eubanks?**  Only if the answer is "yes," including the *Goad* analysis for improper motive, should the next question as to whether the right was already established, be addressed.

*Goad,* supra, requires that when a plaintiff files suit against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense.  *Goad*, citing *Crawford-El v. Britton* 523 U.S. 574, 598, 118 S.Ct. 1584.  The court must exercise its discretion so that officials are not subject to unnecessary and burdensome discovery or trial proceedings.  *Id.*   *Goad* ruled that trial courts must insist that plaintiffs 'put forward specific, nonconclusory factual allegations' that establish improper motive causing cognizable injury in order to survive a motion to dismiss or motion for summary judgment.  *Id.* at 504.

So, even if Plaintiff was retaliated against by someone, his Amended Complaint does not sufficiently plead that Defendants Streicher, Shirey or Eubanks committed such retaliation.  Neither specific actions nor specific improper motive has been pled as

against the three individual Defendants and therefore, they were entitled to the defense of qualified immunity and to have Plaintiff's First Amendment claim dismissed.

Even if Plaintiff had pled specific allegations of First Amendment violations against Streicher, Shirey or Eubanks, qualified immunity can apply in the event the mistaken belief was reasonable. *Saucier v. Katz*, 533 U.S. 194, 200-201, 121 S.Ct. 2151 (2001). When case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant. *Jackson v. Sauls*, 206 F.3d 1156, 1165 (11th Cir. 2000). Qualified immunity protects all but the plainly incompetent and those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).

    **2.**    **The Individual Defendants are Entitled to the Defense of Qualified Immunity as to the Fourth Amendment Unreasonable Seizure Claim.**

The Court's Order again mentions Plaintiff's allegation that no photo was taken of his vehicle. (Order, p. 14). Nowhere, however, has Plaintiff pled that it was Streicher, Shirey or Eubanks' duty to take the photo. If this act, or failure to act, implicates an unreasonable search, then the law requires that such allegations be pled, in good faith, as against Streicher, Shirey or Eubanks, individually. In analyzing the first prong of the qualified immunity defense, was Plaintiff's right to be free from unreasonable seizure of his property committed by either Defendant Streicher, Shirey or Eubanks? The Amended Complaint does not sufficiently allege facts which state such a claim and therefore, the individual Defendants should have been granted qualified immunity.

The hearsay allegation that "many of the police officers on duty at district 4 that day shouted with joy upon receiving notification that Plaintiff's car was seized, towed

and destroyed" should have no effect whatsoever, in the qualified immunity analysis for unreasonable seizure. Counsel assumes that the allegation is used by the Court as proof of improper motive. However, improper motive is not considered, as the Court previously noted, in an unreasonable seizure claim. (Order, p. 13). Regardless, such an allegation, again, fails to indicate that Defendants Streicher, Shirey or Eubanks committed any act with an improper motive in mind. Moreover, as previously discussed, Defendants Streicher, Shirey or Eubanks should not bear the liability for unknown District 4 officers' behavior – as alleged by some unnamed police officer/source of Plaintiff's.

Given that no specific allegation against the individual Defendants have been made, they should be given the benefit of the doubt, that if they did violate Plaintiff's right, they did so under a reasonably mistaken belief. *Saucier,* supra. Even if Streicher or Shirey or Eubanks did, themselves, seize the car, they would have relied on the fact that the statute had never been found unconstitutional.

Wherefore, Defendants pray for an Order granting dismissal of Plaintiff's suit and for a stay of discovery and all other relief to which they may be entitled.

**Respectfully submitted,**
**JULIA L. McNEIL** (0043535)
City Solicitor


/s/ *Geri Hernandez Geiler*
**GERI HERNANDEZ GEILER** (0042081)
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph. (513) 352-3338
Fax (513) 352-3750
email: geri.Geiler@cincinnati-oh.gov


## CERTIFICATE OF SERVICE
## BY ELECTRONIC FILING

     I hereby certify that on April 8, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kenneth L. Lawson, Esq. and Ayana Love, Esq., and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: n/a.


/s/ *Geri Hernandez Geiler*
GERI HERNANDEZ GEILER
Atty. Reg. No. 0042081
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph.: (513) 352-3338
Fax: (513) 352-1515
Email: geri.geiler@cincinnati-oh.gov