FILED
JAMES ??? ???
CLERK

04 APR -8 PM 4: 29

Geri Hernandez Geiler (0042081)
Assistant City Solicitor

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL LIVINGSTON, JR., | : | CASE NO. C-1-02-102 |
| Plaintiff, | : | Judge Spiegel |
| vs. | : | |
| CHARLES LUKEN, et al. | : | **NOTICE OF APPEAL** |
| Defendants. | : | |

Notice is given that Defendants City of Cincinnati, Chief of Police, Thomas Streicher, John Shirey and Police Officer Porter Eubanks appeal to the United States Court of Appeals for the Sixth Circuit from the Order of the United States District Court for the Southern District of Ohio Granting in Part and Denying in Part the Defendants' Motion for Judgment on the Pleadings entered in this case on March 9, 2004 (Docket No. 58) and attached to this Notice. The basis of the appeal is the denial of the defense of qualified immunity to which the individual Defendants are entitled.

Respectfully submitted,

**JULIA L. McNEIL (0043535)**
City Solicitor

_(signature)_

**GERI HERNANDEZ GEILER** (0042081)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3338
Fax: (513) 352-1515
E-Mail: geri.geiler @cincinnati-oh.gov

## CERTIFICATE OF SERVICE

I hereby certify that on ___4/8/04___, I filed the foregoing with the Clerk of the

Court and I hereby certify that I have mailed by United States Postal Service the document to the

following counsel of record:  Kenneth L. Lawson and Ayana Love, Counsel for Plaintiff, at

Lawson & Associates, 808 Elm Street, Suite 100, Cincinnati, Ohio 45202.

_(signature)_

Geri Hernandez Geiler (0042081)
Assistant City Solicitor

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Nathaniel Livingston, Jr.,      )
      Plaintiff,         )
                     )
vs.                     )      Case No. C-1-02-102
                     )      (Hogan, M. J.)
Charles Luken, et al.,       )
      Defendants.      )

---

**ORDER**

---

       This matter is before the Court on the Defendants' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. Pro. 12(c) (Doc. 47), Plaintiff's motion to amend the complaint (Doc. 50), and Defendants' motion in opposition to Plaintiff's motion to amend (Doc. 53). The parties have consented to the entry of final judgment in this matter by the undersigned United States Magistrate Judge. (Doc. 38).

**PROCEDURAL BACKGROUND**

       Plaintiff Nathaniel Livingston, Jr. ("Plaintiff" or "Livingston") filed a pro se complaint against Defendants State of Ohio, City of Cincinnati and its mayor, vice mayor, all its council members, its police chief, both identified and unidentified police officers, and unidentified tow truck company employees, alleging that his 1987 Nissan Maxima was marked as an abandoned vehicle and destroyed pursuant to Ohio Revised Code § 4513.63. Livingston asserts these claims pursuant to 42 U.S.C. § 1983, and alleges that the City's enforcement of the statute violates his constitutional rights, namely those guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. In addition, the Plaintiff alleges that Defendants' actions violate corresponding Ohio constitutional provisions and give rise to various tort claims under Ohio law.

       On July 2, 2002, Plaintiff, now represented by counsel, filed an amended class

1

action complaint naming as defendants Mayor Charles Luken, Vice-Mayor Alicia Reese, the City of Cincinnati and the Cincinnati Police Division, former City Manager John Shirey, Chief of Police Thomas Streicher, Police Officer Porter Eubanks, and John Does 1-50, who are unidentified police officers, tow truck operators, and wrecking company employees. (Doc. 31). Since filing the amended complaint, plaintiff has dismissed defendants Luken and Reece. (Docs. 55, 56). Accordingly, the only defendants remaining are The City and the City Police Division, Chief Streicher, Officer Eubanks, John Shirey, and John Does 1-50, who are sued in their individual and official capacities.

The present motion was brought on behalf of all City employees and officials. Defendants contend that plaintiff's § 1983 claims should be dismissed because he has failed to state a claim and because defendants are entitled to qualified immunity for their actions in enforcing the abandoned junk motor vehicle statute. Defendants further argue that plaintiff's claims arising under the Ohio constitution should likewise be dismissed for failure to state a claim and upon state immunity grounds pursuant to Ohio Rev. Code § 2744.02(A)(1). Lastly, defendants argue that because plaintiff's federal claims are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law tort claims.

In response, Plaintiff has filed a motion requesting leave from the Court to amend his first amended complaint and hold Defendants' motion to dismiss in abeyance until such complaint is filed. Defendants have also filed a memorandum contra to Plaintiff's request for leave.

The basic facts of the case are largely undisputed. On March 19, 2001, Livingston's 1987 Nissan Maxima was parked in front of his home at 952 Cleveland Avenue. At that time a fluorescent orange "Abandoned Vehicle Sticker" was affixed to his automobile. The Plaintiff noticed the sticker and removed it from his vehicle. Four days later, the vehicle was towed to an impound lot and subsequently destroyed pursuant to Ohio Revised Code § 4513.63.

Plaintiff claims that his vehicle was improperly designated as an "abandoned junk motor vehicle" and that defendants failed to verify its condition with photographs and/or an affidavit as required under the statute. Plaintiff contends that his vehicle had a market value in excess of fifteen hundred dollars, and that his car was neither significantly damaged nor visibly inoperable. Plaintiff claims that defendants' conduct constituted an illegal seizure of his vehicle, without sufficient notice or an

2

opportunity to be heard prior to the taking, in violation of his Fourth and Fifth Amendment rights. Plaintiff also asserts that this conduct constitutes conversion under Ohio law. In addition, plaintiff claims that defendants' conduct violates the equal protection clause of the Fourteenth Amendment, and that defendants acted in retaliation for his criticism of public officials, including the Mayor and Vice-mayor, in violation of his First Amendment rights.

## LEGAL STANDARD

In determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the [non-movant] must be taken as true." *U.S. v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)(quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6thCir. 1993). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

In resolving a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. See *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In other words, the purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995)(Merz, M.J.). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991)(Rubin, J.). A complaint must contain "either direct or

3

inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

### Defendants' Motion to Dismiss Plaintiff's §1983 Claims Should be Granted in Part and Denied in Part

To the extent that plaintiff's amended complaint asserts class action allegations, those claims are dismissed. This Court's Local rules require that any party asserting a class action must move for a determination under Fed. R. Civ. P. 23(c) as to whether the action is maintainable as a class action within 120 days of the filing date of the pleading that asserts the existence of a class. See S.D. Ohio Civ. R. 23.3. The Local Rule further provides that "[i]f no such motion is filed, the Court may enter an order that the action is not maintainable as a class action." *Id.* The amended complaint was filed on July 2, 2002. (Doc. 31). To date, plaintiff has not filed any such motion. Consequently, the Court orders that the portions of the amended complaint which purport to assert class action allegations be stricken. The Court now turns to the allegations raised by the individually named plaintiff.

In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. See *Sargi v. Kent City Bd. Of Educ.*, 70 F.3d 907, 910 (6th Cir. 1995); *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).

In the present case, plaintiff claims that defendants' constitutional violations stem from their purported enforcement of Ohio Rev. Code § 4513.63. The statute provides as follows:

"Abandoned junk motor vehicle" means any motor vehicle meeting all

4

of the following requirements: (A) Left on private property for forty-eight hours or longer without the permission of the person having the right to the possession of the property, on a public street or other property open to the public for purposes of vehicular travel or parking, or upon or within the right-of-way of any road or highway, for forty-eight hours or longer; (B) Three years old, or older; (C) Extensively damaged, such damage including but not limited to any of the following: missing wheels, tires, motor, or transmission; (D) Apparently inoperable; (E) Having a fair market value of one thousand five hundred dollars or less.

The sheriff of a county or chief of police of a municipal corporation, township, or township police district, within the sheriff's or chief's respective territorial jurisdiction, . . . shall order any abandoned junk motor vehicle to be photographed by a law enforcement officer. The officer shall record the make of motor vehicle, the serial number when available, and shall also detail the damage or missing equipment to substantiate the value of one thousand five hundred dollars or less. The sheriff or chief of police shall thereupon immediately dispose of the abandoned junk motor vehicle to a motor vehicle salvage dealer as defined in section 4738.01 of the Revised Code or a scrap metal processing facility as defined in section 4737.05 of the Revised Code which is under contract to the county, township, or municipal corporation, or to any other facility owned by or under contract with the county, township, or municipal corporation for the destruction of such motor vehicles. The records and photograph relating to the abandoned junk motor vehicle shall be retained by the law enforcement agency ordering the disposition of such vehicle for a period of at least two years. The law enforcement agency shall execute in quadruplicate an affidavit, as prescribed by the registrar of motor vehicles, describing the motor vehicle and the manner in which it was disposed of, and that all requirements of this section have been complied with, and shall sign and file the same with the clerk of courts of the county in which the motor vehicle was abandoned. The clerk of courts shall retain the original of the affidavit for the clerk's files, shall furnish one copy thereof to the registrar, one copy to the motor vehicle salvage dealer or other facility handling the disposal of the vehicle, and one copy to the law enforcement agency ordering the disposal, who shall file such copy with

5

the records and photograph relating to the disposal. Any moneys arising from the disposal of an abandoned junk motor vehicle shall be deposited in the general fund of the county, township, or the municipal corporation, as the case may be.

Notwithstanding section 4513.61 of the Revised Code, any motor vehicle meeting the requirements of divisions (C), (D), and (E) of this section which has remained unclaimed by the owner or lienholder for a period of ten days or longer following notification as provided in section 4513.61 of the Revised Code may be disposed of as provided in this section.

### a.    Equal Protection Claim

Plaintiff identifies the Equal Protection Clause of the Fourteenth Amendment as one right that Defendants have allegedly violated. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall deny to any person within its jurisdiction the equal protection of the laws. U.S. CONST. amend. XIV. "'The basis of any equal protection claim is that the [government] has treated similarly situated individuals differently.'" *McGuire v. City of Moraine*, 178 F.Supp.2d 882, 897 (S.D. Ohio 2001) (quoting *Silver v. Franklin Township, Bd. Of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992)). In other words, "'the Equal Protection clause requires that a state and its subdivisions apply its legislation and actions evenhandedly to all persons similarly situated in a designated class.'" *Id.* (quoting *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 410 (6th Cir. 1992) (citing *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 49 L. Ed. 2d 520, 96 S.Ct. 2562 (1976))).

Defendants argue that Plaintiff fails to allege a class, suspect or otherwise, of which he is a member. The Court finds this argument to be well-founded. Nowhere in Plaintiff's complaint does he allege that the statute was applied disparately to him because of his membership in a certain class. If there is no class, there can be no disparate treatment based on membership in the class. For these reasons, Defendants' motion to dismiss Plaintiff's equal protection claim will be granted. Additionally, Defendants' motion to dismiss Plaintiff's Ohio equal protection claim will be granted.

Furthermore, Plaintiff alleges that Cincinnati's comprehensive abandoned car program violates the equal protection clause of the U.S. and Ohio constitutions. However, the Plaintiff does not allege in his complaint that the program was applied

6

disparately to him because of his membership in a class. Therefore, since the Plaintiff has not identified a class to which he is a member, his federal and state equal protection claims concerning Cincinnati's comprehensive abandoned car program are also dismissed.

### b.    Unlawful Search and Seizure Claims

Plaintiff contends that Defendants violated his Fourth Amendment rights when his automobile was marked as "abandoned" and then taken away to be destroyed. "The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 543 (6th Cir. 2002). In evaluating a Fourth Amendment violation claim, the Court must first consider whether a search and/or seizure occurred under the facts of the case. See *Autoworld Specialty Cars, Inc. v. United States*, 815 F.2d 385, 388 (6th Cir. 1987). Assuming that the court concludes that a search or seizure occurred, it must then determine if that search and/or seizure was reasonable within the meaning of the Fourth Amendment. *Id.*

A search occurs when "an expectation of privacy that society is prepared to consider reasonable is infringed." *Id.* at 388 (quoting *Maryland v. Macon*, 472 U.S. 463, 105 S.Ct. 2778, 2782 (1985) (quoting *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 1656, 80 L. Ed. 2d 85 (1984))). Plaintiff's vehicle was parked on a public street. It is well established that law enforcement agents have the authority to inspect vehicles on public roadways in order, for instance, to discover if the car is properly registered or in violation of any other law. See *New York v. Class*, 475 U.S. 106, 112-113 (1986). The criteria that must be considered, pursuant to the statute in question, before concluding a vehicle is abandoned and thus disposable, does not infringe on a reasonable expectation of privacy. See generally O.R.C. § 4513.63(A), (B), (C), (D), and (E). With the exception of evaluating the fair market value, all the other criteria use information that can be deduced from an external inspection of a vehicle. *Id.* It is true that it is more difficult to determine the fair market value of a car just by looking at it. However, as long as this valuation process does not involve an invasion of an expectation of privacy, there is no search and consequently no unconstitutional search. See *Autoworld Specialty Cars, Inc. v. United States*, 815 F.2d 385, 388 (6th Cir. 1987). Plaintiff does not allege a specific expectation of privacy, nor is there any readily apparent here. Accordingly, Plaintiff's claims of an unlawful search under both the United States and Ohio constitutions are dismissed.

7

As to the seizure component, there is no question a seizure occurred in this case. Thus, the Court must determine whether the seizure was unreasonable. In assessing the reasonableness of a seizure, the court must "'balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" *Id.* at 389 (quoting *Jacobsen*, 466 U.S. at 125, 104 S.Ct. at 1662 (quoting *United States v. Place*, 462 U.S. 696, 703, 103 S.Ct. 2637, 2642, 77 L.Ed. 2d 110 (1983))).

The governmental interest at issue here is the abatement of a public nuisance. The authority to abate public nuisances is extended to Ohio municipalities by the Home Rule provision of the Ohio Constitution. See *Singleton v. City of Hamilton*, 515 N.E.2d 8, 14 (1986); *McClanahan v. City of Cleveland*, 1980 Ohio App. LEXIS 11358, at *4 (Ohio App. April 3, 1980). However, the seizure of a person's property which does not actually qualify as a "public nuisance" would be an unreasonable seizure, in the absence of other probable cause. Therefore, confiscating vehicles that are not "abandoned junk motor vehicles," without any other probable cause, would constitute an unlawful seizure.

Plaintiff avers that his vehicle was insured, registered, and operable. If true, this would disqualify Plaintiff's vehicle as being an abandoned junk motor vehicle. Plaintiff also notes that Defendants did not take photographs of his vehicle, which is required by the same statute that grants the sheriff the authority to seize such abandoned vehicles. If Plaintiff proves that his vehicle did not meet the definition of an "abandoned junk motor vehicle," then an unreasonable seizure would have occurred. Thus, accordingly, the unlawful seizure component of Plaintiff's Fourth Amendment claim should survive.

### c.    Freedom of Speech Retaliation Claim

Plaintiff claims his automobile was unlawfully seized in retaliation for exercising his First Amendment right to freedom of speech. To properly allege a cause of action for retaliation, as Defendant correctly points out, a plaintiff must establish: (1) that he was engaged in a constitutionally protected activity; (2) that the defendants' adverse action caused him to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of his constitutional rights. See *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998) (citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568 (1977)).

8

Defendants only assert that the Plaintiff has failed to meet the second prong of this test.

Plaintiff avers that he is an "activist who on his radio talk show criticized the Defendants on a regular basis." Pl.'s Compl. at 29. Plaintiff also claims that Defendants were well aware of his activism. *Id.* Criticizing government officials is indeed protected activity under the United States Constitution. See *Arnett v. Myers*, 281 F.3d 552, 560 (6th Cir. 2002) ("It is well-settled that the freedom to criticize public officials and expose their wrongdoing is a fundamental First Amendment value, indeed, '[c]riticism of the government is at the very center of the constitutionally protected area of free discussion.' *Rosenblatt v. Baer*, 383 U.S. 75, 85 (1966).") Thus, the first prong of the freedom of speech retaliation test has been satisfied.

Plaintiff alleges his vehicle was seized and destroyed in retaliation for his speech. It is arguable that such conduct would chill future speech by a person of ordinary firmness. Thus, for dismissal purposes, this is enough to satisfy the second prong of the analysis.

As far as the third prong is concerned, Plaintiff has alleged facts that would support the argument that the taking of his automobile was motivated, at least in part, as a response to the exercise of his First Amendment freedom of speech rights. At least two factual allegations stand out to support this. One, that an officer told Plaintiff that on the day his automobile was "seized, towed and destroyed. . . that many of the police officers on duty at District 4 that day shout[ed] with joy upon receiving notification that plaintiff's car was seized, towed and destroyed." Pl.'s Compl. at 13. Two, Plaintiff alleges that Defendant Alicia Reece appeared on WDBZ Radio Station and "bragged" about "having the City of Cincinnati . . . seize, tow and destroy plaintiff's motor vehicle." *Id.*, at 12. The challenge of proving either of these allegations, *inter alia*, still rests on the Plaintiff. Taken as true for dismissal purposes, however, they do tend to support the third prong of the freedom of speech retaliation test. Thus, Plaintiff's First Amendment retaliation claim withstands Defendants' motion to dismiss.

### d.    Due Process Claim

Finally, Defendants contend that Plaintiff's pleading is deficient in the manner he claims that his due process rights have been violated. "The essence of due process is that a deprivation of a property or liberty interest must 'be preceded by notice and

opportunity for hearing appropriate to the nature of the case.'" *Brickner v. Voinovich*, 977 F.2d 235, 237 (6th Cir. 1992) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). Thus, to prove a violation of due process has occurred, a plaintiff must establish: (1) that notice of the deprivation was not provided by the defendant; and (2) that an opportunity to be heard regarding the deprivation was not provided.

Plaintiff points out that neither O.R.C. § 4513.63 nor Cincinnati's comprehensive abandoned car program provides for an opportunity to be heard on the issue of whether a vehicle was properly and legally declared an abandoned junk vehicle, then destroyed. A simple reading of each reveals that the Plaintiff is correct in this regard. Some form of hearing is required before an individual is finally deprived of a property interest. See Wolff v. McDonnell, 418 U.S. 539, 557-558 (1974). Therefore, on their faces, the statute and Cincinnati's comprehensive abandoned car program do not provide an opportunity to be heard regarding the deprivation, and consequently they satisfy the second prong of the "violation of due process" analysis. Whether the first prong of the analysis has been met, however, remains to be determined.

Defendants argue that the fluorescent orange "Abandoned Vehicle Sticker" that Plaintiff has admitted to seeing provided Plaintiff with the necessary notice required to shield his due process rights. Specifically, Defendants direct the Court's attention to the phone number provided on the sticker. Further, Defendants highlight the fact that four days passed from the day the sticker was affixed to the vehicle until it was actually impounded and destroyed. Considering these three facts together, Defendants assert that Plaintiff's due process rights have not been violated.

However, a mere phone number, even on a fluorescent orange sticker, does not appear to provide sufficient notice without proper indications of the purpose of the phone number. "'[D]ue process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.'" *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895 (1961) (quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 162-163 (concurring opinion)).

Again, Plaintiff avers that his vehicle was insured, registered, and operable. If this is indeed true, it would be reasonable for Plaintiff to think that the fluorescent sticker had been erroneously affixed to his vehicle. Without giving sufficient notification alerting the vehicle's owner of the option to refute the "abandonment

10

labeling" of his vehicle, a due process violation is likely to occur.  There appears to be a procedural defect due to the failure to provide the owner with absolute notification of the vehicle's imminent destruction, and of the right to appeal such destruction.  Thus accordingly, there is merit to Plaintiff's federal and state due process claims.

### e.    42 U.S.C. § 1983

Finally, with respect to Plaintiff's 42 U.S.C. § 1983 claim, it has been proven that the Defendants were acting under color of state law and that this conduct may have deprived Plaintiff of some right secured by the Constitution or laws of the United States.  Specifically, the Plaintiff may have suffered a deprivation of his due process rights, his right against unreasonable seizures, and his First Amendment freedom of speech rights.  Thus, Defendants' motion to dismiss the Plaintiff's 42 U.S.C. § 1983 claims concerning the alleged due process violations, unreasonable seizures, and First Amendment violations should be denied, unless the Defendants are entitled to qualified immunity regarding those claims.

### f.    Conversion

The Defendant contends that in the absence of federal claims, this Court should not assert pendant jurisdiction over common law tort claims.  However, as discussed previously, some of the Plaintiff's federal claims remain.  Therefore, supplemental jurisdiction would be appropriate pursuant to 28 U.S.C. § 1367.

One common law tort claim the Plaintiff has asserted is that the Defendants unlawfully converted his motor vehicle when they had it towed and destroyed.  The case of *Estep v. Johnson*, 704 N.E.2d 58 (Ohio Ct. App. 1998) states that conversion is "'any exercise of dominion or control wrongfully exerted over the personal property of another.'" *Estep*, 704 N.E.2d at 63 (quoting *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.*, 493 N.E.2d 289, 292 (1985)).  As stated previously, whether the Defendants unreasonably seized the motor vehicle in violation of the Plaintiff's Fourth Amendment rights remains to be determined.  If the seizure of the motor vehicle was unreasonable, then a conversion of the automobile would have occurred, pursuant to the definition of "conversion" set forth in *Estep*.

However, in *Peters v. City of Cincinnati*, 664 N.E.2d 1329 (Ohio Ct. App. 1995), the Plaintiff contended that the City unlawfully converted his motor vehicle

11

when the City determined that the Plaintiff's vehicle was abandoned and subsequently had it towed and destroyed in accordance with O.R.C. § 4513.63. The Court concluded that the City was immune from liability for such conversion pursuant to O.R.C. § 2744.02 and that the exceptions to immunity were not applicable.

The present case is similar to *Peters*. Therefore, the Defendants in the case at hand are immune from liability concerning the Plaintiff's claim of conversion.

### g.   Conflict between Cincinnati's comprehensive abandoned car program and O.R.C. §§ 4513.61 and 4513.63

Plaintiff alleges in his first amended complaint that Cincinnati's comprehensive abandoned car program conflicts with O.R.C. §§ 4513.61 and 4513.63. However, Plaintiff does not explain how they conflict, and this Court has found no way in which they conflict. Therefore, Plaintiff's claim that Cincinnati's comprehensive abandoned car program conflicts with O.R.C. §§ 4513.61 and 4513.63 is dismissed.

## QUALIFIED IMMUNITY DEFENSE

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). In order to determine whether defendants are entitled to invoke the privilege of qualified immunity, the Court must conduct a two-part analysis. See *Saucier v. Katz*, 121 S.Ct. 2151, 2155 (2001). Initially, the Court must consider the threshold question of whether a constitutional right was violated, based on the facts alleged. *Id.*, at 2156. This inquiry is conducted by taking the facts in the light most favorable to the party alleging injury. *Id.* If the answer to the first question is in the negative, then the Court need not inquire further because the privilege is applicable. *Id.*

If, however, a violation could be made out on a favorable view of the parties' submissions, the second step is to determine whether the alleged right was clearly established. *Id.* This inquiry must be undertaken in light of the specific context of the case, rather than based on broad general propositions. *Id.* Additionally, "for a right to be clearly established, 'it need not be the case that 'the very action in question has been previously held unlawful." *Russo*, 953 F.2d at 1042 (quoting *Anderson*, 483 U.S. at 640). Rather, the pre-existing law must be such that existence of the right is apparent." *Farm Labor Organizing Cmte. v. Ohio State Highway Patrol*, 308 F.3d

523, 542 (6th Cir. 2002) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992)).

It has already been established that Plaintiff has failed to properly plead his equal protection and unlawful search claims, and they have been duly dismissed. However, his freedom of speech retaliation, unlawful seizure, and due process claims remain. Now the Court must determine if the rights Plaintiff claims were violated were clearly established.

Plaintiff claims that he was the victim of the Defendants' freedom of speech retaliation. In *Estate of Dietrich v. Burrows*, 167 F.3d 1007 (6th Cir. 1999), the Sixth Circuit had to determine whether certain police officers were entitled to qualified immunity regarding the plaintiff's First Amendment retaliation claim. The Court noted that the law pertaining to the issue was clearly established by United States Supreme Court precedent, and stated that "government actions may not retaliate against an individual for the exercise of protected First Amendment freedoms." *Estate of Dietrich*, 167 F.3d at 1013 (citing *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 283-84 (1977)).

Therefore, since the right was clearly established, the Defendants in the present case are not entitled to assert the qualified immunity defense pertaining to the Plaintiff's claim of freedom of speech retaliation.

Furthermore, Defendants argue that Plaintiff has failed to meet the "specificity" requirements of *Goad v. Mitchell*, 297 F.3d 497 (6th Cir. 2002) to survive dismissal. *Goad* requires the plaintiff to put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a pre-discovery motion for dismissal. *Id.*, at 504. This requirement only applies to causes of action that involve a wrongful motive. *Id.* Therefore, in this case, it only applies to Plaintiff's freedom of speech retaliation claim.

The *Goad* Court surmised that

Improper motive in a retaliation claim could be demonstrated by circumstantial evidence. *Thaddeus-X v. Blatter*, 175 F.3d 378, 399-400 (6th Cir. 1999) (en banc). Because the plaintiff should not have to allege more facts to survive a motion to dismiss than he would need to allege and support to survive a motion for summary judgment, district courts

13

must accept as specific, nonconclusory allegations of fact those
allegations that provide circumstantial evidence of improper intent.

*Goad v. Mitchell*, 297 F.3d 497, 505 (6th Cir. 2002).

In Plaintiff's motion to amend, he correctly pointed out that *Goad* was decided
approximately three weeks after Plaintiff filed his first amended complaint. Yet, the
Plaintiff requested that this Court grant his motion to amend in order for him to
address the *Goad* requirements in a second amended complaint. This, however, is not
necessary. Plaintiff has alleged sufficient factual allegations that pass the *Goad* test
either as direct or circumstantial evidence of improper intent. Thus, even in light of
the *Goad* argument, Plaintiff's freedom of speech retaliation claim should remain.
Furthermore, Plaintiff's motion to amend the complaint a second time is denied as
moot.

The Defendants also assert that they are entitled to qualified immunity
pertaining to Plaintiff's claim of an unreasonable seizure of his motor vehicle.
Considering no photograph was taken of the vehicle by a law enforcement officer, as
required by the statute upon which the seizure was based, and considering Plaintiff's
allegations that an officer told Plaintiff that on the day his automobile was "seized,
towed and destroyed. . . that many of the police officers on duty at District 4 that day
shout[ed] with joy upon receiving notification that plaintiff's car was seized, towed
and destroyed," this Court finds that the Defendants are not entitled to assert the
qualified immunity defense regarding this claim. The Court so finds because the law
is clearly established that a seizure may only occur if it is reasonable to do so, and the
foregoing facts create a question of whether the seizure of Plaintiff's motor vehicle
was in fact reasonable. See generally *Farm Labor Organizing Cmte. v. Ohio State
Highway Patrol*, 308 F.3d 523, 543 (6th Cir. 2002) (citations omitted). Therefore,
the Defendants are not entitled to assert the qualified immunity defense pertaining to
Plaintiff's claims of an unreasonable seizure. Thus, Defendants' motion to dismiss
Plaintiff's unreasonable seizure claims is denied.

Finally, the Defendants claim that they are entitled to qualified immunity
regarding Plaintiff's due process claims. As previously stated, due process requires
notice and an opportunity for a hearing before a person may be deprived of their
property. See *Brickner v. Voinovich*, 977 F.2d 235, 237 (6th Cir. 1992) (quoting
*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).

14

In the present case, the Plaintiff claims that he was not provided sufficient notice or an opportunity for a hearing before the Defendants had his vehicle towed and destroyed. The Defendants assert that they are entitled to the defense of qualified immunity regarding the due process claims.

The question, therefore, is whether the aforementioned due process rights of notice and a hearing were "clearly established" at the time of the incident. If they were not clearly established, then the Defendants will be entitled to the defense of qualified immunity pertaining to Plaintiff's due process claims.

The Defendants claim that since the Ohio statute in question has not previously been declared unconstitutional, then the due process rights which the statute violates were not clearly established at the time in question such that a reasonable official carrying out his duties under the statute would understand that what he was doing violated those rights. However, although the right must be clearly established, "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful." *Williams v. Kentucky*, 24 F.3d 1526, 1533 (6th Cir. 1994) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Thus, the fact that the statute had not previously been declared unconstitutional does not mean that the due process rights of notice and a hearing were not clearly established at the time of the incident.

Yet, since the Defendants had affixed the fluorescent orange sticker and phone number to the Plaintiff's car, it is reasonable that an official at that time, after the sticker was affixed to the car, may have believed that such actions complied with due process requirements. Although the Court now declares that such an "Abandoned Vehicle" sticker with a mere phone number on it does not provide sufficient notice or an opportunity for a hearing to be in compliance with due process requirements, it is reasonable at the time of the incident in question that an official may have believed that such a sticker did comply with due process. Therefore, the Court finds that the rights were not clearly established at the time, and the Defendants are thus entitled to the defense of qualified immunity pertaining to the Plaintiff's due process claims. Thus, Plaintiff's due process claims are dismissed.

IT IS THEREFORE ORDERED THAT: 1) Defendants' motion be granted in part and denied in part; and 2) Plaintiff's motion to amend his complaint for a second

15

time is moot.

March 9, 2004                            <u>  S/Timothy S. Hogan  </u>
                                         Timothy S. Hogan
                                         United States Magistrate Judge