UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Nathaniel Livingston, Jr., ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. C-1-02-102 |
| ) | (Hogan, M. J.) |
| Charles Luken, et al., ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on the motion for reconsideration by the individual Defendants Chief Thomas Streicher, John Shirey and Officer Porter Eubanks regarding the Court's order on the motion for judgment on the pleadings. (Doc. 62). Defendants' motion for reconsideration is unopposed. The parties have consented to the entry of final judgment in this matter by the undersigned United States Magistrate Judge. (Doc. 38).

This Court's order regarding Defendants' motion for judgment on the pleadings was signed on March 9, 2004. Defendants' motion for reconsideration was filed on April 8, 2004. The Defendants presented no new evidence or arguments to the Court in their motion for reconsideration. Also, when the Plaintiff filed his Complaint in this case, he was proceeding *pro se.* However, Plaintiff is now represented by counsel.

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. Such a motion, if served within 10 days of the entry of judgment, may be considered a motion to alter or amend judgment or a motion for a new trial pursuant to Fed. R. Civ. P. 59(a), (b) and (e). *See Huff v. Metropolitan Life Insurance Co.*, 675 F.2d 119, 122 (6th Cir.1982); *Feathers v. Chevron*, 141 F.3d 264, 268 (6th Cir. 1998). If filed more than ten days from the date of judgment, the motion may be construed as a motion for relief from judgment pursuant to Rule 60. *See Feathers v. Chevron*, 141 F.3d 264, 268 (6th Cir. 1998). In the instant case, the motion for reconsideration was filed more than ten days after the filing date of this Court's order regarding the motion for judgment on the pleadings. Thus, if the Court were to consider the motion, it would have to be construed as a motion for relief from judgment pursuant to Rule 60. *See Feathers*, *supra*.

While the Defendants' motion is not explicitly based on any particular subsection of Rule 60, the Court discerns that the motion is implicitly based on 60(b)(1), because it appears that the Defendants believe that the Court was mistaken in its previous order regarding Defendants' motion for judgment on the pleadings. The Defendants base their motion for reconsideration on two

arguments: (1) That the Plaintiff has not alleged sufficient facts to support his claims of unreasonable seizure and freedom of speech retaliation; and (2) That even if sufficient facts have been pled, the individual Defendants are entitled to the defense of qualified immunity for each of those claims.

Regarding Defendants' claims that sufficient facts have not been pled to support Plaintiff's claims because the Plaintiff's Amended Complaint has not alleged that Streicher, Shirey or Eubanks committed an unreasonable seizure or retaliated against him, the Court directs the Defendants' attention to paragraphs 39 and 40 of Plaintiff's amended complaint, wherein Plaintiff specifically alleged that the individual defendants Thomas Streicher, John Shirey, and Porter Eubanks had Plaintiff's motor vehicle towed. Additionally, paragraph 35 provides that Plaintiff's car was marked as an "abandoned vehicle" by Defendant Eubanks. The car was apparently then towed and destroyed by a towing or wrecking company, due to the fact that it had been marked as an "abandoned vehicle" by Defendant Eubanks. Paragraph 64 of Plaintiff's amended complaint states that Defendants never photographed the vehicle prior to destroying it as required by law. Also, in paragraph 113 of the amended complaint, Plaintiff alleges that "'Defendants' . . . caused Plaintiff to be subjected to the deprivation of his constitutional right under the Fourth Amendment to be free from unreasonable searches and seizures." It is noteworthy that by alleging "Defendants" deprived him of his property, the claim was brought against all the Defendants, including the individual defendants Streicher, Shirey, and Eubanks, since they were listed as Defendants to the action, and since they were not explicitly excluded from the claim.

Furthermore, in paragraphs 162 - 166 of Plaintiff's amended complaint, it is alleged that "Defendants" knew about Plaintiff's criticism of them on his radio talk show and retaliated against Plaintiff for the exercise of his free speech rights. Again, since the individual defendants Streicher, Shirey, and Eubanks were listed as Defendants to the action, and since the claim was brought against all the Defendants to the action, the claim was brought against the individual defendants as well, since they were not explicitly excluded from the claim.

It is also worthwhile noting that, as the Court stated in its previous order, since the Defendants' motion for judgment on the pleadings was brought based on the argument that the Plaintiff had failed to state a claim upon which relief may be granted, the allegations in the complaint had to be taken as true and construed in the light most favorable to the nonmoving party. See *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). Therefore, in arriving at its decision regarding the motion for judgment on the pleadings, the Court had to take Plaintiff's allegations as true and construed in the Plaintiff's favor. Thus, the Court found, and still holds, that the Plaintiff alleged facts sufficient to support his claims, at least for the purpose of defeating Defendant's motion for judgment on the pleadings.

Furthermore, regarding Defendants' claims that they are entitled to the defense of qualified immunity concerning Plaintiff's claims of freedom of speech retaliation and unreasonable seizure, the Court finds, in accordance with its previous order, that the individual Defendants Streicher, Shirey and Eubanks are not entitled to the qualified immunity defense, for the reasons set forth in the following paragraphs.

The Defendants argue that they are entitled to the qualified immunity defense regarding Plaintiff's claim of freedom of speech retaliation. The two-part test to determine whether a person is entitled to the defense of qualified immunity is: 1) To first determine whether a constitutional right was violated, based on the facts alleged; and 2) If a violation could be made out on a favorable view of the parties' submissions, the second step is to determine whether the alleged right was clearly established. See *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001).

As previously stated, the Court has found, based on the facts alleged, that it appears a constitutional right was violated, as espoused in Plaintiff's claim of freedom of speech retaliation. The specific facts alleged include: That the Defendants knew the Plaintiff had publicly criticized them on his radio talk show on a regular basis; that his car was towed and destroyed without having a photograph taken of it before its destruction, as the law requires; and that many of the Defendants mocked the Plaintiff after his car was towed and destroyed. These facts are sufficient, particularly when taken in a light most favorable to the Plaintiff, to establish that a constitutional right was violated. Additionally, the *Goad* decision, as the Court quoted in its previous order, stated that allegations that provide *circumstantial* evidence of improper intent are sufficient to survive a motion to dismiss. *Goad v. Mitchell*, 297 F.3d 497, 505 (6th Cir. 2002) (emphasis added). Furthermore, the right was clearly established, as the Court noted in its previous order, since the Sixth Circuit has held that "government actions may not retaliate against an individual for the exercise of protected First Amendment freedoms." *Estate of Dietrich*, 167 F.3d 1007, 1013 (6th Cir. 1999) (citing *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 283-84 (1977)). Therefore, the Defendants are not entitled to the defense of qualified immunity regarding Plaintiff's claim of freedom of speech retaliation.

The individual Defendants also allege that they are entitled to the defense of qualified immunity concerning Plaintiff's claim of unreasonable seizure. As previously discussed, the Court has found that, taking the allegations Plaintiff has pled as true and construing them in Plaintiff's favor, a constitutional violation of unreasonable seizure occurred. Specifically, Plaintiff alleges that defendants Thomas Streicher, John Shirey, and Porter Eubanks had Plaintiff's motor vehicle towed; that Plaintiff's car was marked as an "abandoned vehicle" by Defendant Eubanks; that the car was apparently then towed and destroyed by a towing or wrecking company, due to the fact that it had been marked as an "abandoned vehicle" by Defendant Eubanks; and that the Defendants never photographed the vehicle prior to destroying it, as they were required to do by law.

However, Defendants argue that the Plaintiff has not pled it was the duty of the individual Defendants to take the photo. Yet, the Plaintiff claimed in his amended complaint that the Defendants had Plaintiff's vehicle towed and destroyed pursuant to Ohio Rev. Code § 4513.63, and the statute states that the chief of police shall order the abandoned junk motor vehicle to be photographed by a law enforcement officer. The statute also provides that the photograph and records pertaining to the abandoned junk motor vehicle shall be retained by the law enforcement agency ordering the disposition of the vehicle for a period of at least two years. Therefore, it was the duty of the chief of police and the law enforcement agency to ensure that a photograph was taken of the vehicle before it was destroyed, and to ensure that such photograph was retained by the law enforcement agency with any other records pertaining to the vehicle. Yet, no such photograph was

taken. Therefore, since the Plaintiff alleges that the vehicle was not an "abandoned junk motor vehicle," the Court must take this allegation as true at this time, as well as the other allegations the Plaintiff has made, and find that a constitutional violation of unreasonable seizure occurred.

Additionally, as the Court discussed in its previous order, an officer told Plaintiff that on the day his automobile was "seized, towed and destroyed. . . that many of the police officers on duty at District 4 that day shout[ed] with joy upon receiving notification that plaintiff's car was seized, towed and destroyed." However, Defendants claim that such an allegation should have no effect whatsoever, because it is used as proof of improper motive, and improper motive is not considered in an unreasonable seizure claim. Defendants apparently misunderstood the Court's order, however, because the allegation was not considered by the Court as proof of improper motive. Rather, it was mentioned by the Court because it is yet another factual allegation which makes the Court question whether the seizure of the vehicle was in fact reasonable. In other words, whether the vehicle's seizure was reasonable or not is an issue for the trier of fact to decide at trial, not for the Court to decide at this juncture, and the aforementioned allegation is an issue of fact in regard to the reasonableness of the seizure. Since it is questionable whether the seizure was reasonable, particularly when taking the aforementioned allegations Plaintiff has made as true, it appears a constitutional violation occurred.

Furthermore, the Court finds that the right against unreasonable seizures was clearly established at the time the violation occurred because the law clearly provides that a seizure may only occur if it is reasonable to do so, and the foregoing facts create a question of whether the seizure of Plaintiff's motor vehicle was in fact reasonable. See generally *Farm Labor Organizing Cmte. v. Ohio State Highway Patrol*, 308 F.3d 523, 543 (6th Cir. 2002) (citations omitted). Therefore, the individual Defendants are not entitled to the defense of qualified immunity regarding Plaintiff's unreasonable seizure claim.

Thus, since the Court must take the allegations Plaintiff has pled as true, the Court finds that Plaintiff has pled facts sufficient to defeat Defendants' motion for judgment on the pleadings. However, once discovery has been completed, the Court may revisit these issues on summary judgment, should a party choose to file such a motion at that time.

IT IS THEREFORE ORDERED THAT the motion for reconsideration by the individual Defendants Chief Thomas Streicher, John Shirey and Officer Porter Eubanks regarding the Court's order on the motion for judgment on the pleadings be DENIED.

| | |
|---|---|
| May 13, 2004 | S/Timothy S. Hogan |
| Date | Timothy S. Hogan |
| | United States Magistrate Judge |